### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | |
| **LUIS ANGEL GARCIA-TORRES,** | **Case. No. H-11-478** |
| **Defendants** | |

### NON-PARTY GOOGLE INC.'S MOTION TO QUASH
### WITNESS SUBPOENA AND MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials.  To that end, Google Inc. ("Google") has provided a 902(11) declaration to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for June 11, 2012.  Nevertheless, the government has served Non-party Google with a witness subpoena (hereafter, the "Witness Subpoena") to have one of its California-based records custodians travel across the country to authenticate its business records at trial.  *See* Exhibit 1 to Declaration of Darren Hubbard ("Hubbard Decl."), attached hereto as Exhibit A.  Despite the dictates of Rule 902(11), the Witness Subpoena demands that Google produce a records custodian who can provide testimony on information that is well within the ambit of information covered by Rules 803(6) and 902(11).  It is Google's understanding that the Government actually agrees that live testimony is unnecessary, yet has issued the Witness Subpoena anyway because it is concerned that Defendant will take the unreasonable and indefensible position that a declaration is inappropriate.  As described in further detail below, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony,

thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II. FACTUAL BACKGROUND

On June 24, 2010, Google received a Search Warrant (hereafter, the "Warrant") from U.S. Immigration and Customs Enforcement Special Agent John Valdez, requesting certain business records due on July 3, 2011. *See* Hubbard Decl., ¶ 4. On July 2, 2010, Google produced 1 CD of documents in response, labeled as internal reference number 104345. *Id.* at ¶ 5.

On April 11, 2012, Google received an email from Agent Valdez, who inquired whether Google could serve as a trial witness to verify Google's previous production on the Warrant, labeled as internal reference number 104345. *Id.* ¶ 6. On April 13, 2012, Google called Agent Valdez and left a message outlining Google's preferred method of using a notarized certificate in lieu of a trial witness. *Id.* ¶ 7. On April 17th, Google spoke to Agent Valdez who confirmed that a notarized certificate would suffice. *Id.* at ¶ 8. On April 23, 2012, Google sent a duplicate production CD of internal reference number 104345 along with a notarized certificate of authenticity. *Id.* at ¶ 9.

On May 31, 2012, Google received another email inquiry from Agent Valdez, who again asked if Google could provide a trial witness to verify Google's previous production on the Warrant. *Id.* ¶ 10. Google called Agent Valdez immediately and Agent Valdez informed Google that its appearance may be necessary, notwithstanding the notarized certificate. *Id.* That same day, Google received the Witness Subpoena from Assistant United States Attorney Andrew Leucthmann. *Id.* ¶ 11; Ex. 2.

## III. ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v.*

*Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

## A.   The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)*...." (emphasis added). *See* Motion in Limine, 1-2.

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> **(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> **(B)** was kept in the course of the regularly conducted activity; and
>
> **(C)** was made by the regularly conducted activity as a regular practice.
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In the case at bar, there can be no dispute that the documents produced by Google in response to the Warrant are business records under Rule 803(6). There can also be no dispute that Google's declaration complies with Federal Rule 902(11). *See* Exhibit 2 to Hubbard Decl. Therefore, the documents produced by Google in response to the Warrant have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United States v. Green*, 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be

-4-

quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

Indeed, to enforce the Government's Witness Subpoena and compel Google to send a witness to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

## B. The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *Schaaf v. SmithKline Beecham Corp.,* No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena); *In re Duque*, 134 B.R. 679, 683 (Bankr. S.D. Fla. 1991), *on remand,* 154 B.R. 93 (S.D. Fla. 1993).

The Government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven:  the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11).  In fact, it is Google's understanding that the Government actually agrees that live testimony is unnecessary, yet has issued the Witness Subpoena anyway because it is concerned that Defendant will take the unreasonable and indefensible position that a declaration is inappropriate.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena.  Specifically, Google maintains a security office for responding to legal process. Hubbard Decl., ¶ 2.  Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis.  *Id.*  The types of investigations that lead to these requests run the gamut from fraud cases, kidnapping and other emergencies, to routine civil and criminal demands for records.  *Id.*  Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11).  *Id.*  If

-6-

courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id.*

In addition, Google's "non-party status is a significant factor [the] court must consider when assessing undue burden" for purposes of a motion to quash. *WM High Yield v. O'Hanlon, et al.,* 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) (granting non-party's motion to quash a subpoena under Rule 45); *S.E.C. v. Seahawk Deep Ocean Technology, Inc.,* 166 F.R.D. 268 (D. Conn. 1996).

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.    CONCLUSION

For the reasons stated, the Witness Subpoena is unreasonable and oppressive and should therefore be quashed in its entirety.

Respectfully submitted,

*/s/ John K. Edwards*
John K. Edwards

Dated: June 5, 2012

Attorney-in-Charge
State Bar No. 24002040
S.D. I.D. No. 21645
**Jackson Walker L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: jedwards@jw.com

*Attorneys for Non-party Google Inc.*

-7-

## CERTIFICATE OF CONFERENCE

Counsel for Google Inc., John R. Tyler, conferred with Assistant U.S. Attorney, Andrew Leucthmann, by telephone on June 4, 2012 regarding the witness subpoena that is the subject of the foregoing motion to quash, and Mr. Leuchtmann indicated he would not withdraw the subpoena and is thus opposed to the relief sought herein.

*/s/ John R. Tyler*
John R. Tyler
Counsel for Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify this 5th day of June, 2012, that I served copies of the foregoing via E-Mail and  Facsimile upon each of the parties listed below:

Samuel Louis
Office of the US Attorney
919 Milam
Houston, TX 77002
713-567-9000
Fax: 713-718-3406
Email: sam.louis2@usdoj.gov

Andrew Leuchtmann
US Attorneys Office
919 Milam
Houston, TX 77002
713-805-6517
Fax: 713-718-3300
Email: ALeuchtmann@usa.doj.gov

*Attorneys for the United States*

Jeffery L. Greco
Attorney at Law
8100 Washington Ave, Ste 250
Houston, TX 77007
713-972-1100
Fax: 713-972-1102
Email: jeff@grecoassociateslaw.com

Marina Thais Douenat
Federal Public Defender's Office
440 Louisiana, Ste 1350
Houston, TX 77002
713-718-4600
Fax: 713-718-4610
Email: Marina_Douenat@fd.org

Federal Public Defender - Houston
440 Louisiana, Ste 310
Houston, TX 77002
713-718-4600
Fax: 713-718-4610
Email: hou_ecf@fd.org

*Attorneys for Defendant Luis Angel Garcia-Torres*

*/s/ John K. Edwards*
John K. Edwards